**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| MICHAEL CRUMPTON,<br><br>Plaintiff,<br>v.<br><br>PATRICIA L. BASS,<br><br>Defendant. | Case No.: 7:26-cv-17-WLS |

# ORDER

Before the Court is Plaintiff Michael Crumpton's Amended Complaint. (Doc. 4.) For the reasons discussed below, the Amended Complaint fails to state a claim upon which relief can be granted and is DISMISSED without prejudice.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985), *vacated on reh'g en banc,* 792 F.2d 1089 (11th Cir. 1986). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *See id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *See id.*

The Court has already determined that Crumpton meets the poverty requirements of 28 U.S.C. § 1915 (*See* Doc. 3 at 2.) That leaves only the second step—determining the validity

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

of the complaint—at issue. After granting Crumpton's Motion to Proceed *In Forma Pauperis*, the Court provided him an opportunity to file an amended complaint within twenty-one days—one that did not "contain conclusory, vague, or immaterial facts that are not obviously connected to any particular cause of action." (*Id.* at 3.) The Amended Complaint (Doc. 4), however, fails to state a claim upon which relief can be granted because the allegations consist of conclusory and vague facts that are not connected to any particular cause of action.

## II. THE COMPLAINT

Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

### a. Standard of Review

The Court proceeds to the merits of Crumpton's Amended Complaint (Doc. 4.) In so doing, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the

pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

**b. Allegations**

In Crumpton's Amended Complaint, he alleges that "several defendants [have] violated Due Process through DDS." (Doc. 4 at 1.) He alleges, specifically, that "clerk of Lanier County Ms. Patti L. Bass has violated [his] Due Process with libel defamation[.]" (Id. at 2.) He also mentions Judge Victoria Dove Jewel, and Defendant Kaneish Smith in his Amended Complaint, but the Court fails to understand the allegations against those defendants. (*Id.*) And the allegations in the Amended Complaint seem to be no different than those found in Crumpton's initial Complaint. (*See generally* Doc. 1.) Because the Amended Complaint is unintelligible, Crumpton does not sufficiently plead factual allegations as to any defendant that would raise a right to relief above a speculative level for violation of his Due Process rights.

**c. Plaintiff's Claims**

Based on the foregoing allegations, the Court, once again, cannot determine what claims Plaintiff brings against the named Defendants. While he generally alleges a deprivation of due process and a mix of bad faith and discrimination, it is unclear under what authority Plaintiff brings his claims. (Doc. 4 at 3–4.) Crumpton, further, does not adequately state the factual nature of any allegation concerning due process, discrimination, or defamation. In what seems to be his prayer for relief, he states that "under hardship and great England law Due Process" the Court must "clear [his] driving license from these false allegation[s.]" (*Id.* at 4). The Court is certainly unable to decide cases and controversies arising under England's law, and as mentioned in the previous Order, "[s]tate and federal discrimination [and defamation]

law is vast." (Doc. 3 at 3.) The Amended Complaint's ambiguity and lack of factual allegations means the Court cannot determine what laws govern his claim.

## III. CONCLUSION

In sum, Crumpton's Amended Complaint fails to allege "detailed factual allegations," at most provides mere "labels and conclusions," and does not clearly state a cause of action, much less the basic elements of one, as to any named defendant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Crumpton's Amended Complaint fails to state a claim upon which relief may be granted and is therefore **DISMISSED** without prejudice.

**SO ORDERED**, this 5th day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**